[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Theresa Thompson appeals a decision of the defendant Department of Motor Vehicles suspending her motor vehicle operator's license for a period of six months. The basis of the Department's action was the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of her blood as prescribed by General Statutes 14-227b. The plaintiff's appeal is authorized by 4-183.
At the administrative hearing in this case, the plaintiff appeared and testified on direct examination by her counsel that she did not refuse to submit to the chemical test, which was to be performed on a breathalyzer machine. Rather, she testified, she attempted to follow the police officer's instructions and blew into the machine. She stated that she CT Page 11369 did not attempt to block the tube with her tongue.
The police officer who arrested the plaintiff, Officer Ruis of the Manchester Police Department, did not appear at the hearing. The only evidence in support of the Department's finding that the plaintiff refused the test was Officer Ruis' written report, on the standard A 44 report form, which was introduced in evidence over the objection of the plaintiff. In his report, Officer Ruis recounts that he explained the testing device to the plaintiff and that she agreed to take the test. He states that she appeared to blow into the machine but that nothing registered. The officer states that when she tried a second time, "it appeared to be obvious that Mrs. Thompson was intentionally blocking the tube with her tongue or upper lip." The plaintiff then made a third attempt, but the machine indicated it was receiving insufficient breath. During this period of time, another police officer, Officer Leduc, went in search of a video camera in order to record the plaintiff's actions. Officer Ruis' report continues
 While I was getting the machine ready for Mrs. Thompson to try again, Officer Leduc had come back with the camera, and Mrs. Thompson had begun to moan and rub her hand over her sternum. (Emphasis added).
The report makes clear that the police essentially terminated the testing procedure at this point and called in paramedics to deal with the potential medical problem that the plaintiff appeared to be experiencing. An ambulance then arrived, and the plaintiff was transported to the hospital.
In his decision, the Department's hearing officer states as subordinate findings that "(t)estimony notwithstanding, Officer Ruis clearly documents willful non-compliance with instructions on blowing into the intoximeter." This finding was the basis for the ultimate finding that "(t)he operator refused to submit to such test or analysis."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "(w)ith regard to questions of fact, it is (not) CT Page 11370 the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
While those general principles impose a significant burden on an appellant seeking reversal of an agency's factual findings, the court may nevertheless not allow such findings to stand unless they are supported by substantial evidence in the administrative record. General Statutes 4-183. In this case, the evidence does not support the hearing officer's subordinate or ultimate findings that the plaintiff refused to follow instructions or submit to the breath test. Rather, Officer Ruis' report, which is the only evidence that could support the decision, clearly indicates that the testing procedure was not over at the point when the police called in the paramedics and effectively terminated it. As Officer Ruis puts it in his report, "I was getting the machine ready for Mrs. Thompson to try again . . ." The plain meaning of this statement is that the police did not, at that point, consider that Mrs. Thompson had finally and irrevocably refused to take the test.
The court notes that the Department filed some other papers along with the record of the administrative proceedings in this case. These appear to be reports of two other police officers who were present at the time Officer Ruis was attempting to test the plaintiff. These reports contain the officers' opinions that the plaintiff may have been "faking" illness in order to terminate the testing procedure. However, the hearing officer sustained the plaintiff's objection to these reports, and they were not, therefore, evidence that was properly in the record and which the hearing officer could legally consider in reaching his decision.
As provided in General Statutes 4-183, if the court finds that the Department's decision is not supported by substantial evidence, it must sustain the appeal. As indicated, in this case, the only evidence which was properly before the hearing officer is insufficient. Accordingly, the plaintiff's appeal must be and is sustained. CT Page 11371
Maloney, J.